AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

United States of America
v.
Roger Alyre Voisine, Jr.

_____
Defendant

)
)
)
)
)
)
)

Case: 1:24-mj-327
Assigned To : Judge Moxila A. Upadhyaya
Assign. Date : 10/16/2024
Description: COMPLAINT W/ARREST WARRANT

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_    Roger Alyre Voisine, Jr. _____ ,

who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment    ❑ Superseding Indictment    ❑ Information    ❑ Superseding Information    ☒ Complaint
❑ Probation Violation Petition    ❑ Supervised Release Violation Petition    ❑ Violation Notice    ❑ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 111(a)(1) and (b) - Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon
18 U.S.C. § 231(a)(3) - Civil Disorder
18 U.S.C. § 1752(a)(1), (b)(1)(A) - Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon
18 U.S.C. § 1752(a)(2), (b)(1)(A) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon
18 U.S.C. § 1752(a)(4), (b)(1)(A) - Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building
40 U.S.C. § 5104(e)(2)(E) - Impeding Passage Through the Capitol Grounds or Buildings
40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings

Moxila A. Upadhyaya    Digitally signed by Moxila A. Upadhyaya
Date: 2024.10.16 17:41:35 -04'00'

Date:    10/16/2024 _____    _____
                                          _Issuing officer's signature_

City and state:    Washington, D.C. _____    Moxila A. Upadhyaya, U.S. Magistrate Judge
                                                          _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ 10/16/24 , and the person was arrested on _(date)_ 10/24/24 at _(city and state)_ PLATTSBURGH, NY . |

Date:    10/24/24 _____    _____
                                          _Arresting officer's signature_

                                          M. Hesler
                                          _Printed name and title_

NDNY Case No: 8:24-MJ-481 (GLF)

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Roger Alyre Voisine, Jr. (DOB: XXXXXXXXX)<br>Reynold Robert Voisine. (DOB: XXXXXXXXX)<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:24-mj-327
Assigned To : Judge Moxila A. Upadhyaya
Assign. Date : 10/16/2024
Description: COMPLAINT W/ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ in the District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) and (b) - Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon<br>18 U.S.C. § 231(a)(3) - Civil Disorder<br>18 U.S.C. § 1752(a)(1), (b)(1)(A) - Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon<br>18 U.S.C. § 1752(a)(2), (b)(1)(A) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon<br>18 U.S.C. § 1752(a)(4), (b)(1)(A) - Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon<br>40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building<br>40 U.S.C. § 5104(e)(2)(E) - Impeding Passage Through the Capitol Grounds or Buildings<br>40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

▉▉▉▉▉▉▉▉▉▉
*Complainant's signature*

▉▉▉▉▉▉▉▉▉▉
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____10/16/2024_____

City and state: _____Washington, D.C._____

Moxila A.
Upadhyaya

Digitally signed by Moxila A.
Upadhyaya
Date: 2024.10.16 17:44:16
-04'00'

*Judge's signature*

Moxila A. Upadhyaya, U.S. Magistrate Judge
*Printed name and title*

Case: 1:24-mj-327
Assigned To : Judge Moxila A. Upadhyaya
Assign. Date : 10/16/2024
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, ████████████████████████, is an Enforcement Officer with the United States Customs & Border Protection (CBP) and a detailee assigned to the FBI's Albany Field Office. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a TFO, I am authorized by law or by a government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of

violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

Two such individuals were Roger Voisine, of Canton, New York, and his brother Reynold Voisine, of Nicholville, New York. Roger Voisine is also known as 417-AFO and #TableLegWhacker, while Reynold Voisine is also known as 469-AFO and #BlueJavelin.

### FBI BOLO 417-AFO AND 469-AFO

Shortly after the attack on the U.S. Capitol that occurred on January 6, 2021, the FBI began reviewing evidence of the crime and designating certain individuals who assaulted law enforcement as individuals for whom the public should "be on the lookout" (BOLO). This BOLO designation was accompanied by a number. When the individual was believed to have assaulted a federal officer, it included the suffix "-AFO." Two such BOLOs are 417-AFO and 469-AFO. These two AFO subjects are individuals now known to be brothers Roger and Reynold Voisine.

Publicly available video recorded many criminal acts committed on January 6, 2021, including the assault seen in the video from which Image 1 (below) was captured, and shows 417-AFO assaulting police officers in the Tunnel of the Capitol's Lower West Terrace by striking the police repeatedly with a broken-off table leg with nails or other fasteners still embedded in the end of the object. Other publicly available video from which Image 3 (below) showed 469-AFO assaulting officers in the same area with a blue pole thrown like a javelin, among other assaults by the same individual with other items.





*Images 1 & 2: Screenshots from a publicly available video showing 417-AFO (yellow square) preparing to strike police officers with a broken-off table leg (top), and a close-up cropping of that same screenshot showing the nails embedded in the table leg (bottom)*



*Image 3: Screenshot from a publicly available video showing 469-AFO (yellow circle) preparing to throw a blue pole (yellow rectangle) at police officers*

### #TABLELEGWHACKER AND #BLUEJAVELIN

Citizen sleuths independently investigating the attack on the U.S. Capitol and the assaults committed against federal officers often assigned persons of interest with an octothorpe followed by a catchy or memorable nickname that served as a unique identifier, also called a hashtag. The sleuths dubbed 417-AFO #TableLegWhacker. As seen above, this is likely a reference to the broken table leg with embedded nails that Roger Voisine used to assault federal officers on January 6, 2021. The sleuths dubbed 469-AFO #BlueJavelin. As seen above, this is likely a reference to the blue pole that Reynold Voisine threw at the police officers defending the Lower West Terrace tunnel on January 6.

**Identification Of Roger Voisine As 417-AFO (#TableLegWhacker)**
**And Reynold Voisine As 469-AFO (#BlueJavelin)**

On or about January 8, 2021, an inmate in a Connecticut jail placed a call to an identified associate who was a member of the Voisine family. During that call, the associate provided details indicating that their family members Roger Voisine and Reynold Voisine had participated in the January 6 riot.

Following this tip, both Roger and Reynold Voisine were separately interviewed by the FBI in February 2021. In these interviews, both Voisine brothers confirmed their presence at the Capitol on January 6, 2021, and confirmed specific details that applied the identification of 417-AFO and 469-AFO.

For example, Roger Voisine stated that on January 6, he wore a black sweatshirt and a hat with the phrase "elect that motherfucker again" on it. That description is consistent with[1] images of 417-AFO:



*Image 4: Composite image posted by a Twitter user showing various images of 417-AFO wearing a hat that reads, in part, "Elect that MF'er again"*

---

[1] Your affiant notes that the hat appears to say "elect that MF'er again" as opposed to spelling out the expletive.



*Image 5: Screenshot from Capitol Police surveillance footage showing 417-AFO and his hat*

During the interviews, both Roger Voisine and Reynold Voisine represented that they used walkie-talkies to communicate while at the Capitol, which is consistent with publicly available video footage showing the same. Roger Voisine also stated that he had a GoPro in his hand while at the Capitol, which is consistent with publicly available video footage showing the same.



*Image 6: Photograph of Roger Voisine at the Capitol riot holding a GoPro*

In his interview, Reynold Voisine described seeing another rioter attempt to break a window with a "billy club." Reynold's description of this incident comports with an incident that occurred next to the Lower West Terrace tunnel nearby the location where Reynold Voisine is seen on video footage.



*Image 7: Photograph of Reynold Voisine on the Lower West Terrace near the Tunnel and near a window that was broken by rioters*

Additionally, Reynold Voisine appeared to wear the same shoes on January 6 that he wore in a December 2020 family photograph posted to his Facebook account.



*Image 8: Photograph posted by Reynold Voisine to his Facebook in December 2020*



*Images 9 & 10: Reynold Voisine's shoe at the Capitol (left) and in a Facebook photo (right)*

According to records obtained via search warrant from AT&T, a mobile device associated with Roger Voisine and a mobile device associated with Reynold Voisine were each present on Capitol grounds on January 6.

Additionally, your affiant was in personal contact with both Roger Voisine and Reynold Voisine in February 2021, and can positively identify Roger Voisine and Reynold Voisine as 417-AFO and 469-AFO, respectively. From this point forward, your affiant will refer to the BOLO identifiers as either Roger or Reynold accordingly.

### The Voisines' Conduct On January 6, 2021

The Voisine brothers attended former President Trump's rally on in the morning hours of January 6, 2021.



*Image 11: The Voisine brothers (yellow rectangle) at the former President's rally near the Ellipse in Washington, D.C. on January 6, 2021*

A publicly available video shows Roger Voisine walking through the crowd at the rally with a GoPro on a stick and an associated tripod tucked in his jacket. He also wore a gray, white, and black camouflage-patterned backpack.



*Image 12: Screenshot of video footage showing Roger Voisine at the rally*

After attending the rally, the brothers walked to the Capitol via Constitution Avenue NW and Pennsylvania Avenue NW.

### The West Plaza

Roger Voisine arrived at the Capitol's West Front, specifically the Lower West Plaza, donning a paintball-style mask. Roger Voisine wore a black top, black pants, and hat.



*Image 13: Roger Voisine (yellow rectangle) on the Lower West Plaza*

### THE LOWER WEST TERRACE

Reynold Voisine was observed on the Lower West Terrace at or about 2:52 p.m. He wore a paintball mask on top of his head at various points during the riot.



*Image 14: Screenshot of video footage showing Reynold Voisine (yellow circle)*
*on the Lower West Terrace*

At approximately 3:20 p.m., rioters forcefully dragged Metropolitan Police Department (MPD) Officer M.F. from the tunnel and into the crowd. At the time, Reynold Voisine joined the mob and watched as the rioters brutally assaulted the officer.



*Image 15: Screenshot of body worn camera footage showing Reynold Voisine (yellow square)*
*near the officer under attack*

By about 4:20 p.m., Reynold Voisine remained near the tunnel as the mob continued to attack officers guarding the Capitol inside the tunnel. Reynold Voisine used his handheld radio to communicate as he remained nearby the tunnel.



*Image 16: Screenshot of video footage showing Reynold Voisine (yellow circle) using a radio*

By about 4:25 p.m., Reynold Voisine worked his way to the mouth of the tunnel with his paintball mask on his face and his hood up. Reynold Voisine passed back a stolen police riot shield to other rioters.



*Image 17: Screenshot of video footage showing Reynold Voisine (yellow circle)*
*passing back a riot shield*

At this time, rioters were consistently and violently attacking the police line using weapons and make-shift weapons, including a hockey stick, a crutch, a stolen police baton, multiple poles, a hammer, and a megaphone. In the midst of the attacks, for his part, Reynold Voisine first hurled a crutch at the police officers.



*Images 18 & 19: Screenshots of video footage showing Reynold Voisine (yellow circle) throwing a crutch at police officers in the tunnel*

Then, as a police officer was being beaten with a flagpole by one rioter and another rioter was stealing the officer's helmet, Reynold Voisine, visible by his ACU-pattern backpack, hurled a blue pole at the police line, striking officers.



*Images 20 & 21: Screenshots of video footage showing Reynold Voisine (yellow circle) throwing blue pole (yellow rectangle) at the police line*

After throwing the blue pole at police officers, Reynold Voisine again threw a crutch at the police line for a second time. This time, the crutch ricocheted off another rioter and struck police officers.



*Images 22 & 23: Screenshots of video footage showing Reynold Voisine (yellow circle) throwing a crutch at police officers for a second time (top), and the crutch flying in the air towards police officers (bottom)*

Reynold Voisine came face-to-face with MPD Officer B.M. as the latter regained his footing after being dragged into the crowd.



*Image 24: Screenshot of video footage showing Reynold Voisine (yellow circle)
face-to-face with Officer B.M.*

About two minutes after coming face-to-face with Officer B.M., Reynold Voisine moved toward the tunnel with a stolen police riot shield and used it to ram into the police line.



*Image 25: Screenshot of video footage showing Reynold Voisine (yellow oval)
moving toward the tunnel while holding a shield*



*Image 26: Screenshot of video footage showing Reynold Voisine (yellow oval)*
*ramming the police line with a shield*

Reynold Voisine then retreated from the tunnel.



*Image 27: Screenshot of video footage showing Reynold Voisine (yellow circle)*
*retreating from the tunnel*

At approximately 4:49 p.m., while still at the mouth of the tunnel, Roger Voisine held his GoPro on stick in front of him as another rioter threw a wooden table leg towards the tunnel. Roger Voisine then picked up what appeared to be a length of pipe and hurled it at the police line directly in front of him.



*Image 28: Screenshot of body worn camera footage showing Roger Voisine (yellow circle) throwing pipe at police officers*

Moments later, as police officers held shields to protect themselves from the attacks, Roger Voisine and two other rioters surged forward and attacked the police line. As one rioter used a long object to strike officers, Roger Voisine and his associate pushed into the officers' shields.



*Image 29: Screenshot of body worn camera footage showing Roger Voisine (yellow oval) forcefully pushing into the police line*

Roger Voisine then forcefully grabbed MPD Officer J.S. and attempted to drag the officer into the crowd.



*Image 30: Screenshot of body worn camera showing Roger Voisine (yellow oval) attempting to drag a police officer out of the tunnel*

Then, at 4:50 p.m., Roger Voisine threw what appeared to be a black rod at the police line, hitting a shield held by MPD Officer S.S.



*Image 31: Screenshot of body worn camera showing Roger Voisine (yellow square) throwing a rod at police officers*



*Image 32: Screenshot of body worn camera showing Roger Voisine (yellow square) throwing a rod at police officers*

At 4:55 p.m., Roger Voisine remained at the front of the mob facing off with officers in the tunnel. He threw a shoe at MPD Sgt. J.P.



*Image 33: Screenshot of body worn camera showing Roger Voisine (yellow rectangle) throwing a shoe at Sgt. J.P.*

Roger Voisine also threw another unidentified object at the police line.



*Image 34: Screenshot of video footage showing Roger Voisine (yellow circle) throwing an object (smaller yellow circle) at the police line in the tunnel*

Seconds later, Roger Voisine picked up a second shoe and threw it at the police line, just as another rioter sprayed a fire extinguisher at the police line.



*Image 35: Screenshot of body worn camera showing Roger Voisine (yellow rectangle) throwing a second shoe at Sgt. J.P.*

At 4:56 p.m., Roger Voisine again approached the line of police officers guarding the tunnel and threw a third shoe at police officers.



*Image 36: Screenshot of body worn camera showing Roger Voisine (yellow rectangle) throwing a third shoe at police officers*

Roger Voisine then picked up a wooden table leg with protruding nails and violently swung the table leg twice against a shield held by MPD Officer H.S.





*Images 37 & 38: Screenshots from a publicly available video showing 417-AFO (yellow square) preparing to strike police officers with a broken-off table leg (top), and a close-up cropping of that same screenshot showing the nails embedded in the table leg (bottom)*



*Images 39 & 40: Screenshot of CCTV footage (top) and third-party footage (bottom) showing Roger Voisine (yellow square) wielding the table leg at police officers*



*Image 41: Screenshot of body worn camera showing Roger Voisine (yellow rectangle) striking the police line with a table leg*

Then, Roger Voisine threw the table leg at MPD Officer I.F.



*Image 42: Screenshot of body worn camera showing the thrown table leg*

After throwing the table leg at Officer I.F., Roger Voisine remained in the front rank of rioters confronting police officers in the tunnel. He continued to hold up his GoPro camera in a manner consistent with filming.

Several minutes later, Roger Voisine shined a spotlight into the eyes of police officers from a few feet away.




*Images 43 & 44: Photographs of Roger Voisine (yellow rectangle) shining a spotlight into the faces of the police line*

After their numerous assaults against the police line, both Roger and Reynold Voisine made their way to the Lower West Plaza and eventually left Capitol grounds.

The evidence thus illustrates that, with respect to assaultive conduct, Roger Voisine: hurled a pipe at police officers, forcibly pushed into police officers' shields, grabbed and attempted to drag a police officer into the crowd, threw a black rod at and struck a police officer, threw three shoes at police officers, threw an unidentified object at police officers, swung a table leg with protruding nails at police officers, threw that same table leg at police officers, and shined a

flashlight into the eyes of police officers. Reynold Voisine twice threw a crutch at police officers, forcibly threw a blue pole at and struck police officers, and used a shield to ram into police officers.

## DELETION OF EVIDENCE

In his February 2021 interview, Reynold Voisine stated that he deleted photos that he took on January 6 because they showed how close he was to the Capitol and he was scared he could be charged with trespassing. Reynold Voisine also stated that his brother Roger Voisine had a GoPro camera on January 6 but deleted the video footage from that day. Roger Voisine confirmed that he intentionally discarded the memory card from the GoPro footage from the Capitol.

## PROBABLE CAUSE

Based on the foregoing, your affiant submits that there is probable cause to believe that both Roger and Reynold Voisine violated 18 U.S.C. § 111(a)(1) and (b), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114 of Title 18 while engaged in or on account of the performance of official duties, while using a deadly or dangerous weapon or inflicting bodily injury. Persons designated within section 1114 of Title 18 include federal officers such as USCP officers, and include any person assisting an officer or employee of the United States in the performance of their official duties.

Your affiant submits there is probable cause to believe that both Roger and Reynold Voisine violated 18 U.S.C. 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of 18 U.S.C. § 231, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Secret Service's protection of the Vice President and his family and the Capitol Police's protection of the U.S. Capitol.

Your affiant submits that there is probable cause to believe that both Roger and Reynold Voisine violated 18 U.S.C. § 1752(a)(1), (2), (4) and (b)(1)(A), which make it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do so; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (4) knowingly engage in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so. The punishment for violating these provisions by using or carrying a dangerous weapon is imprisonment for up to 10 years. 18 U.S.C. § 1752(b)(1)(A). For purposes of 18 U.S.C. § 1752, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that both Roger and Reynold Voisine violated 40 U.S.C. § 5104(e)(2)(D), (E), and (F), which make it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; (E) obstruct, or impede passage through or within, the Grounds or any of the Capitol Buildings; (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings.



Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 16th day of October 2024.

Moxila A. Upadhyaya

Digitally signed by Moxila A. Upadhyaya
Date: 2024.10.16 17:45:22 -04'00'

HONORABLE MOXILA A. UPADHYAYA
U.S. MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

## <u>ORDER APPOINTING THE OFFICE OF THE FEDERAL PUBLIC DEFENDER</u>

United States of America

Docket # 8:24-MJ-481 (GLF)

v.

Roger Alyre Voisine, Jr.,

               Defendant.

       Because the above-named person has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require;

       It is hereby **ORDERED** that:

       The Office of the Federal Public Defender for the Northern District of New York is assigned representation of the above-named defendant and shall file a notice of appearance with the Clerk of Court.

Dated this 24th day of October 2024
at Plattsburgh, New York

Gary L. Favro
U.S. Magistrate Judge, N.D.N.Y.

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
___Northern District of New York__

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   8:24-MJ-481 (GLF) |
| | ) | |
| | ) | |
| Roger Alyre Voisine, Jr. | ) | Charging District's Case No.   1:24-MJ-327 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   Distrcit of Columbia
.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☐    a detention hearing.

☒    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my ☒ preliminary hearing and/or ☒ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    10/24/2024

X *Roger V*
*Defendant's signature*

*Eric Schilliner*
*Signature of defendant's attorney*

Eric Schilliner
*Printed name of defendant's attorney*

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

# United States District Court
## Northern District of New York

United States of America

**ORDER SETTING CONDITIONS OF RELEASE**

V.

Roger Alyre Voisine, Jr.

Case Number: 8:24-MJ-481 (GLF)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

      (1)      The defendant must not commit any offense in violation of federal, state, or local law while on release in the case.

      (2)      The defendant must cooperate in the collection of a DNA sample if such collection is authorized by 34 U.S.C. § 40702.

      (3)      The defendant must timely advise the Court or Pretrial Services in writing before making any change of residence or telephone number.

      (4)      The defendant must appear at all proceedings as required and, if convicted, must surrender for service of any sentence imposed as directed.  The defendant must next appear at

_____ on _____.
              place                          date and time

      If blank, defendant will be notified of next appearance.

### Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )     (5)      The defendant must sign an Appearance Bond.  If ordered to do so, the defendant must provide the Court with the following indicia of ownership of the property posted, or the following amount or percentage of the such property:

( )     (6)      The defendant is placed in the custody of:

Name of person or organization: _____

Address: _____

Telephone No.: _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the Court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____     _____
                           Custodian or Proxy          Date

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

**Additional Conditions of Release (continued)**

(✓) (7)  The defendant must:

(X)    Stay away from DC unless for Court, Pretrial, or consultation with attorney.
(X)    Call Pretrial Services once per week and verify address.
(X)    Advise Pretrial Services of any travel within the US outside of home jurisdiction.
(X)    No travel outside of the continental US without Court approval.
(X)    Participate in all future proceedings as directed.
(X)    No firearms, destructive devices, or other weapons (includes surrendering all firearms).
(X)    No local/state/federal crimes.
(X)    Report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ) (a)    Report to Pretrial Services within 24 hours of release, telephone number (315) 234-8700 / (518) 257-1700, and as directed thereafter.
( ) (b)    Allow a probation officer to visit at any time at the defendant's house or elsewhere, and must permit confiscation of any contraband observed in plain view of the probation officer.
( ) (c)    Refrain from possessing a firearm, destructive device, or other dangerous weapon. The defendant shall also not be present in any location where there is a firearm, destructive device, or other dangerous weapon.
( ) (d)    Execute a bail bond with solvent securities in the amount of $
( ) (e)    Maintain or actively seek employment.
( ) (f)    Maintain or commence an educational program.
( ) (g)    Surrender any passport to: **The Clerk of the Court[1].**
( ) (h)    Obtain no passport or other international travel documents.
( ) (i)    Restrict travel to the Northern District of New York unless approved by Pretrial Services or the Court.
( ) (j)    Remain at an authorized address as approved by Pretrial Services or the Court.
( ) (k)    Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.
( ) (l)    Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
( ) (m)    Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by Pretrial Services based on ability to pay or availability of third-party payments.
( ) (n)    Return to custody each (week)day as of   after being released each (week)day as of   for employment, schooling, or the following limited purpose(s): .
( ) (o)    Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.
( ) (p)    Refrain from ( ) any ( ) excessive use of alcohol.
( ) (q)    Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.
( ) (r)    Submit to any method of testing required by Pretrial Services or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
( ) (s)    Participate in and successfully complete a program of outpatient or inpatient substance abuse therapy and counseling. Outpatient treatment may be approved by Pretrial Services or the Court. Inpatient substance abuse treatment must be approved by the Court. The defendant must contribute to the cost of services rendered in an amount to be determined by Pretrial Services based on ability to pay or availability of third-party payments.
( ) (t)    Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing, and/or computer or electronic monitoring which is (are) required as a condition(s) of release.
( ) (u)    Participate in one of the following monitoring or location restriction programs and abide by all the requirements of the program. The defendant must pay all or part of the cost of the program as determined by Pretrial Services based upon ability to pay.
( ) (i)    **Curfew.** The defendant is restricted to the defendant's residence every day ( ) from  to  or ( ) as directed by Pretrial Service of the Court.

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be return to the defendant if the case is dismissed.

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

( ) (ii)  **Home Detention.**  The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.

( ) (iii)  **Home Incarceration.**  The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.

( ) (iv)  **Stand Alone Monitoring.**  The defendant has no residential curfew, home detention, or home incarceration restrictions. However, the defendant must comply with the location or travel restrictions as imposed by the court. Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

( ) (v)  Submit to the following location monitoring technology and comply with its requirements as directed:

    ( ) (i)   Location monitoring technology as directed by Pretrial Services or the supervising officer; or

    ( ) (ii)  Voice Recognition; or

    ( ) (iii) Radio Frequency; or

    ( ) (iv) GPS

(X) (w)  Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ) (x)  Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

( ) (sc.1)  The defendant must not possess or use a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.

( ) (sc.2)  The defendant must not use or possess any computer, data storage device, or any internet capable device, at any location, except at his/her place of employment, unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or Pretrial Services. If placed in the CIMP, the defendant will comply with all the rules of the program and pay the costs associated with the program. Pretrial Services may use and/or install any hardware or software system that is needed to monitor the defendant's use of a computer or internet capable device. The defendant must permit Pretrial Services to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device he/she uses or possesses. This equipment may be removed by Pretrial Services or their designee for a more thorough examination. The defendant may be limited to possessing one personal internet capable device to facilitate Pretrial Services' ability to effectively monitor his/her internet related activities.

( ) (sc.3)  The defendant must not frequent places where persons under the age of 18 are likely to congregate.  This shall include, but is not limited to, schools, parks, and arcades, unless it is approved by Pretrial Services or the Court.

( ) (sc.4)  The defendant must not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by the Pretrial Services or the Court.  The defendant must not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court.  The defendant must reasonably avoid and remove himself/herself from situations in which he/she has any other form of contact with a minor. While this condition would not be violated by unintended, incidental contact with a minor in a public space, any significant personal interaction with a minor, even if unintended or incidental, should be reported to Pretrial Services within 72 hours.

( ) (sc.5)  The defendant must not subscribe to or use any Internet services at any location without the approval of Pretrial Services or the Court.  Telephone bills, credit card bills and service agreements must be provided upon the request of Pretrial Services or the Court.

( ) (sc.6)  The defendant must not utilize any internet site directly or through another person unless it is approved by Pretrial Services or the Court.

( ) (sc.7)  The defendant must participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders.  The program shall be approved by Pretrial Services.

( ) (sc.8)  The defendant must contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by Pretrial Services based on his/her ability to pay and the availability of third party payments.

AO 199A/B Order Setting Conditions of Release (NDNY rev. 7/7/2021)

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCATIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

(4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____Plattsburgh, New York_____
City and State

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.

(   ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____October 24, 2024_____          _____
                                                        Honorable Gary L. Favro
                                                        U.S. Magistrate Judge

CLOSED

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.7 (Revision 1.7.2.1)] (Plattsburgh)
# CRIMINAL DOCKET FOR CASE #: 8:24-mj-00481-GLF All Defendants

Case title: USA v. Voisine, Jr. et al                    Date Filed: 10/24/2024

Other court case number: 1:24-MJ-327 District of Columbia                    Date Terminated: 10/24/2024

Assigned to: Magistrate Judge Gary L. Favro

## Defendant (1)

**Roger Alyre Voisine, Jr.**                    represented by    **Eric K. Schillinger**
*TERMINATED: 10/24/2024*                                          Federal Public Defender's Office
                                                                 54 State Street - Suite 310
                                                                 Albany, NY 12207
                                                                 518-436-1850
                                                                 Fax: 518-436-1780
                                                                 Email: eric_schillinger@fd.org
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Designation: Public Defender or*
                                                                 *Community Defender Appointment*
                                                                 *Bar Status: Active*
                                                                 *Fee Status: paid_2023*

## Pending Counts                                                ## Disposition
None

## Highest Offense Level (Opening)
None

## Terminated Counts                                             ## Disposition
None

## Highest Offense Level (Terminated)
None

## Complaints                                                    ## Disposition
COMPLAINT in Violation of 18:111(a)(1)
and (b), 18:231(a)(3), 18:1752(a)(1), (b)(1)

(A), 18:1752(a)(2), (b)(1)(A), 18:1752(a)
(4), (b)(1)(A), 40:5104(e)(2)(D), 40:5104(e)
(2)(E) and 40:5104(e)(2)(F)

---

Assigned to: Magistrate Judge Gary L.
Favro

**Defendant (2)**

**Reynold Robert Voisine**
*TERMINATED: 10/24/2024*

represented by **Emma Reynolds**
Office of the Federal Public Defender -
Albany Office
Northern District of New York
54 State Street - Suite 310
Albany, NY 12207
518-436-1850
Fax: 518-436-1780
Email: emma_reynolds@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*
*Bar Status: Active*
*Fee Status: waived_2023*

**Pending Counts**                                      **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                   **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                          **Disposition**

COMPLAINT in Violation of 18:111(a)(1)
and (b), 18:231(a)(3), 18:1752(a)(1), (b)(1)
(A), 18:1752(a)(2), (b)(1)(A), 18:1752(a)
(4), (b)(1)(A), 40:5104(e)(2)(D), 40:5104(e)
(2)(E) and 40:5104(e)(2)(F)

---

**Plaintiff**

**USA**                                                 represented by **Douglas G.N. Collyer**
Office of United States Attorney -
Plattsburgh

14 Durkee Street
Room 340
Plattsburgh, NY 12901
518-314-7818
Fax: 518-314-7811
Email: douglas.collyer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*
*Bar Status: Active*
*Fee Status: waived_2023*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2024 | 1 | Rule 5(c)(3) Documents Received as to Roger Alyre Voisine, Jr., Reynold Robert Voisine (ds) (Entered: 10/24/2024) |
| 10/24/2024 | | Rule 5(c)(3) arrest of Roger Alyre Voisine, Jr., Reynold Robert Voisine. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | | Text Minute Entry (FTR Recorded 9:40 a.m. - 9:54 a.m.) for proceeding held before Magistrate Judge Gary L. Favro: Rule 5 Initial Appearance as to Reynold Robert Voisine held on October 24, 2024. APP: AUSA Douglas Collyer, for the Government, AFPD Emma Reynolds, for the defendant. Defendant is advised that this matter is proceeding by video. No objections from counsel. Defendant is advised of his rights and the reason he is present in Court. Defendant questioned regarding finances and is found eligible for a court appointed attorney. Office of the Federal Public Defender is appointed. Defendant waives the identity hearing. Defense waives the time to conduct a preliminary hearing in this District but reserves the right to request one in the District of Columbia. Detention Hearing held. Government has no objection to defendant's release on the eight conditions submitted to the Court and defense counsel. Defense concurs with release on conditions and requests the preplanned travel the defendant has already made to Florida. Government has no objections to this travel. Court orders defendant released on conditions. Defendant is to appear in the District of Columbia for his virtual court on November 7, 2024 at 12:30 p.m. Defendant ordered released after processing. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 2 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Reynold Robert Voisine: Emma Reynolds appointed for Reynold Robert Voisine. Signed by Magistrate Judge Gary L. Favro on 10/24/2024. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 3 | WAIVER of Rule 5(c)(3) Hearings in this District by Reynold Robert Voisine: Defendant waives the identity hearing. Defense waives the time to conduct a preliminary hearing in this District but reserves the right to request one in the District of Columbia. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 4 | ORDER SETTING CONDITIONS OF RELEASE as to Reynold Robert Voisine. Signed by Magistrate Judge Gary L. Favro on 10/24/2024. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | | Text Minute Entry (FTR Recorded 3:12 p.m. - 3:25 p.m./3:39 p.m. - 3:49 p.m.) for proceeding held before Magistrate Judge Gary L. Favro: Rule 5 Initial Appearance as to Roger Alyre Voisine, Jr. held on October 24, 2024. APP: AUSA Douglas Collyer, for the Government, AFPD Eric Schillinger, for the defendant. Defendant is advised that this matter is proceeding by video. No objections from counsel. Defendant is advised of his rights and the reason he is present in Court. Defendant states he will retain an attorney however Court |

| | | |
|---|---|---|
| | | takes a brief recess for FPD to speak to defendant. Court is back on the record. Office of the Federal Public Defender is appointed. Defendant waives the identity hearing. Defense waives the time to conduct a preliminary hearing in this District but reserves the right to conduct one in the District of Columbia. Detention Hearing held. Government has no objection to defendants release on the eight conditions submitted to the Court and defense counsel. Defense concurs with release and conditions for defendant to report to the District of Columbia. Court orders defendant released on conditions. Defendant is to appear in the District of Columbia for his virtual court on November 7, 2024 at 12:30 p.m. Defendant ordered released after processing. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 5 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Roger Alyre Voisine, Jr. Eric K. Schillinger appointed for Roger Alyre Voisine, Jr. Signed by Magistrate Judge Gary L. Favro on 10/24/2024. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 6 | WAIVER of Rule 5(c)(3) Hearings in this District by Roger Alyre Voisine, Jr.: Defendant waives hearings in this District but reserves the right to request them in the prosecuting District. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 7 | ORDER SETTING CONDITIONS OF RELEASE as to Roger Alyre Voisine, Jr. Signed by Magistrate Judge Gary L. Favro on 10/24/2024. (ds) (Entered: 10/24/2024) |
| 10/24/2024 | 8 | CJA 23 Financial Affidavit by Reynold Robert Voisine (ds) (Entered: 10/24/2024) |
| 10/24/2024 | | TEXT NOTICE to the Clerk, District of Columbia of a Rule 5 Appearance as to Roger Alyre Voisine, Jr., Reynold Robert Voisine: Your case number is: 1:24-MJ-327. On 10/24/2024, Defendants appeared in the NDNY as a result of an arrest warrant issued. The defendants waived his/her right to Identity Hearing and Preliminary Hearing in this district and were Released. NDNY did not collect a bond or passport. Please use PACER Court Links to access the public docket and documents. (ds) (Entered: 10/24/2024) |